| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Brian M. Willis, §
 §
    Plaintiff, §
 §
versus §   Civil Action H-12-02892
 §
Michael J. Astrue, §
 §
    Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Brian Willis is no longer disabled under the terms of the Social Security Act. It does.

Willis brought this action for judicial review of the commissioner's final decision denying his claims for the continuance of his disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court

may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler,* 702 F.2d 616 (5th Cir. 1983).

3.  *The Statutory Criteria.*

The law has an eight-step evaluation process to determine whether a claimant continues to be disabled. First, a claimant is no longer disabled if she works for substantial gain. Second, a claimant is no longer disabled unless her impairment meets one listed in appendix 1 of the regulation. Third, a claimant is no longer disabled if medical improvement has occurred. Fourth, a claimant is no longer disabled if medical improvement is related to the ability to work. If improvement has occurred, the analysis proceeds to the fifth step; if not, it proceeds to the sixth step. Fifth, a claimant is no longer disabled if an exception to medical improvement applies. Sixth, a claimant is no longer disabled if the current impairments are not severe. If they are severe, the analysis proceeds to the next step. Seventh, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on her capacity to work. If the claimant is able to perform her past work, she is no longer disabled. If the claimant can perform past work, the analysis proceeds to the last step. Eighth, a claimant is no longer disabled if she can adjust to other work that is a significant part of the national economy. 20 C.F.R §404.1594(f) (2003).

4.  *Background.*

Willis is a 32-year-old man who says the residual effects of his having had cancer in 2004 include depression, a mood disorder, and a social disorder. Willis says he has anal leakage that began after his colon surgery in 2004. He also had melanoma in 2004; it, too, was removed. He has been cancer-free for five years. Willis says the combination of these psychological impairments, along with his inability to work in the sun because of his history of melanoma, prevent him from finding competitive work. Willis has never seen a psychiatrist. He says he regularly engages in social activities, fishes, goes to bars, and takes care of his grandfather.

Willis was serving in the United States Navy when he was diagnosed with cancers. He

qualified for social-security benefits on September 24, 2004, because he was undergoing radiation and chemotherapy treatments. The Department of Veterans Affairs also evaluated Willis in 2005 and determined he qualified for disability benefits.

The Social Security Agency terminated Willis's disability benefits on September 1, 2009 after a review. The hearing officer correctly found that Willis no longer had an impairment that qualified him for benefits. She decided that Willis could work in positions limited only by his need to avoid direct sunlight and limited contact with the public, including hospital cleaner, office cleaner, and small parts inspector.

5.   *Application.*

The hearing officer properly found that Willis was no longer disabled. The process was correctly followed.

First, Willis has not been gainfully employed. Second, Willis has no impairments that qualify as a disability. Third, Willis has improved medically. Fourth, Willis's medical improvement generates his ability to work. Fifth, no exception to his medical improvement applies. Sixth, Willis's current impairments are not severe. Seventh, the hearing officer correctly decided that Willis is able to work despite his limitations from impairments. Eighth, the officer correctly considered the combined effect of Willis's impairments and determined that he could work in the national economy.

The hearing officer considered all evidence from 2004 to 2009 to determine if Willis was still disabled. He was disabled in 2004 because of his cancer; he no longer had cancer in 2009. Willis had a mood disorder, anxiety disorder, and depression in 2009. The Department of Veterans Affairs continued to qualify Willis for its disability in 2011. This was based on his 2005 evaluation, when he still had cancer. Willis says he is unable to work now because of the residual effects of his cancer. Willis's evaluations in 2009 determined his impairments were not severe and would not cause work-related limitations for a twelve-month period.

One month before his hearing, in 2011, Willis had a psychologist evaluate him who said

Willis's mood disorder and anxiety were severe and debilitating. This determination was inconsistent with Willis's written statements of his daily activities. Willis reported he drives, performs household chores, shops, plays computer games, and has no difficulty with daily activities. The limiting effects and severity of his impairments according to his medical records and statements are inconsistent with his claims. The hearing officer had enough evidence from Willis, his doctors, and his medical reports to determine that Willis could work in a competitive job with the few limitations listed.

6.  *Conclusion.*

The commissioner's decision denying Brian Willis's claim for disability-insurance benefits is supported by substantial evidence and will be affirmed. Brian Willis will take nothing from Michael J. Astrue.

Signed on July 2, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge